**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAN FERROSTAAL , INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-2126 |
| | § | |
| OLDENDORFF CARRIERS GMBH & CO., EGON OLDENDORFF OHG, and SEXTANT MARITIME, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this case brought to recover for damaged sea cargo, Defendants Oldendorff Carriers GmbH & Co. and Egon Oldendorff OHG ("Oldendorff Defendants") filed a Motion to Dismiss for Insufficient Service of Process and Alternative Motion for Summary Judgment [Doc. # 6] ("Oldendorff Motion"). Plaintiff Man Ferrostaal Inc. has responded and Defendants replied.[1] Defendant Sextant Maritime AG ("Sextant") also filed a Motion for Summary Judgment [Doc. # 15] ("Sextant Motion"), to which

---

1 Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment [Doc. # 7]; Defendants Oldendorffs' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment [Doc. # 10]. After a conference held by this Court on September 30, 2009, the parties filed further briefing. *See* Plaintiffs' Response to Defendants' Motion for Summary Judgment [Doc. # 14]; Oldendorff Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc. # 17].

Plaintiff has responded.[2] Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Oldendorff Motion should be **granted in part** and the Sextant Motion should be **granted**.

## I. BACKGROUND

On or about August 19, 2006, Plaintiff tendered cargo consisting of steel rod coils to Defendants to be transported from Xingang, China to Houston, Texas by M/V VINDONISSA.[3] The cargo apparently arrived in Houston in September 2006.[4] Defendant Sextant is the owner of the M/V VINDONISSA, and was the owner at all times relevant to this lawsuit. The vessel had been sub-chartered to one of the

---

2 Plaintiff's Response to Defendant Sextant Maritime AG's Motion for Summary Judgment [Doc. # 18]. The day after it was filed, the Sextant Motion was amended to correct a typographical error. *See* Doc. # 16.

3 Bill of Lading EOLDXINHOU170201, dated August 19, 2006 (Exhibit J to Oldendorff Motion). *See* Plaintiff's Original Petition, *Man Ferrostaal Incop. v. Oldendorff Carriers, GMBH & Co. et al.*, County Civil Court at Law No. 3, Harris County, Texas (Exhibit C to Oldendorff Motion) ("Petition"). Plaintiff's state court petition was filed on March 24, 2009, and Defendants removed to this Court on July 6, 2009. Notice of Removal [Doc. # 1].

4 The exact date of the cargo's delivery is not set forth in the record and, at a conference on September 30, 2009, the parties could not provide any specifics. The Court suggested at the conference that it be assumed, for sake of argument, that delivery occurred on September 16, 2006, which is 30 days after the date on the Bill of Lading. No party objected. Defendant Sextant states that the cargo arrived in Houston on or before October 3, 2006, because their marine surveyor surveyed the cargo on that date. Sextant Motion, at 2. However, Sextant's motion provides no citation to the record in support of the statement. In any event, the precise date need not be identified in order to resolve the issues pending before the Court.

Oldendorff Defendants.[5]

Plaintiff alleges that it delivered the cargo to Defendants in good condition, but the cargo arrived in Houston damaged. Plaintiff further alleges that the damage was due to "negligence, breach of contract of carriage, breach of contract of bailment, and/or breach of implied and/or express warranties and/or unseaworthiness on the part of one or more of the Defendant(s) while the cargo was in each such Defendant's care."[6]

The history of the parties' litigation is relevant. Plaintiff, represented by the same counsel as in this case, initially sought relief in the Southern District of Texas for the damages alleged here. Plaintiff's complaint in the first action was filed on September 17, 2007. That case was assigned to United States District Judge Sim Lake. All three Defendants in this action were named as defendants in the 2007 case. Plaintiff, despite knowing that the Oldendorff Defendants are foreign corporations with their principal offices in Germany, did not make service of process as required, which is pursuant to the Hague Convention. Instead, Plaintiff sent a service request to the Texas Secretary of State with instructions that service be effected by mail to

5 Sextant Motion, at 1.

6 Petition, at 2-3.

Germany.[7] Judge Lake therefore granted the Oldendorff Defendants' motion to quash for insufficient service of process. Judge Lake declined, however, to dismiss the case based on insufficient service. Rather, he ordered Plaintiff to file proof that service had been properly effected on the Oldendorff Defendants by February 27, 2009.[8] Plaintiff did not do so.[9] When Plaintiff's counsel subsequently also failed to appear at a hearing on March 13, 2009, Judge Lake dismissed all claims without prejudice.[10]

Eleven days later, on March 24, 2009, Plaintiff filed the instant action in state court. Plaintiff attempted to use the same method for service of process that Judge Lake had held insufficient, to wit, service through the Texas Secretary of State by mail to Germany.[11] After removing the action to this Court, the Oldendorff Defendants

---

7 Memorandum Opinion and Order, *Man Ferrostaal, Inc. v. M/V Vindonissa*, Civil Action No. H-07-02983, dated Jan. 23, 2009 (Lake, J.) (Exhibit A to Oldendorff Motion) ("Lake Opinion").

8 Lake Opinion, at 11.

9 Hearing Minutes and Order, *Man Ferrostaal, Inc. v. M/V Vindonissa*, Civil Action No. H-07-2983, dated March 13, 2009 (Lake, J.) (Exhibit B to Oldendorff Motion).

10 *Id*. Judge Lake dismissed the Oldendoff Defendants for insufficient service of process, and further held, "Because the Oldendorff defendants are the only defendants remaining in this action, this action is DISMISSED." *Id*. Sextant states that "[a]lthough the docket [in the case before Judge Lake] shows a return of service of summons executed, Sextant has no record that it was ever served with the first lawsuit. Accordingly, Sextant never filed an answer and Plaintiff never filed a motion for default judgment against Sextant." Sextant Motion, at 2 (footnotes omitted).

11 Original Petition Citation, *Man Ferrostaal, Inc. v. Oldendorf Carriers et al.*, Civil Court at Law No. 3, Harris County, Tex., dated March 24, 2009 (Exhibit C to (continued...)

filed their motion to dismiss based on insufficient service of process. In addition, all Defendants seek summary judgment based on the statute of limitations.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[12] Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[13]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue

---

11 (...continued)
Oldendorff Motion). Plaintiff maintains in its briefing that such service is proper. Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgment [Doc. # 7], at 2-3.

12 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

13 FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

of material fact."[14] The moving party, however, need not negate the elements of the non-movant's case.[15] The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[16]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[17] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[19] However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory

---

14 *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

15 *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

16 *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

17 *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

18 *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

19 *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

facts.'"[20] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[21] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[22] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[23] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[24]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[25] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the

---

20 *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)).

21 *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).

22 *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

23 *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

24 *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

25 *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

record is to the contrary.[26]

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[27]

## III. ANALYSIS

### A. Statute of Limitations

All Defendants seek summary judgment based on the statute of limitations under the Carriage of Goods by Sea Act ("COGSA").[28]

Although Plaintiff's pleadings contain only state law claims,[29] Plaintiff's exclusive remedy is under COGSA. COGSA applies to "[e]very bill of lading or

---

26 *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

27 *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted).

28 46 U.S.C. § 30701 note. In 2006, COGSA was re-codified as a historical and statutory note to 46 U.S.C. § 30701. It previously was codified at 46 U.S.C. §§ 1300-1315. *See Rexroth Hydraudyne B.V. v. Ocean World Lines, Inc.*, 547 F.3d 351, 354 n.2 (2d Cir. 2008).

29 Petition, at 2-3 (bringing claims for "negligence, breach of contract of carriage, breach of contract of bailment, and/or breach of implied and/or express warranties and/or unseaworthiness on the part of one or more of the Defendant(s) while the cargo was in each such Defendant's care").

similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade."[30] Plaintiff alleges that the cargo was delivered to the M/V VINDONISSA in good condition but arrived damaged in Houston. In other words, Plaintiff alleges that the damage occurred during the carriage, or "the period from the time when the goods are loaded on to the time when they are discharged from the ship,"[31] which is precisely the period governed by COGSA. When COGSA applies, it is the exclusive remedy, preempting tort claims as well as contract claims.[32] "That COGSA claims are hybrids born of elements from contract and tort does not change the fact that the resulting claim is a unitary statutory remedy, rather than an array of common law claims."[33]

Under COGSA, the applicable statute of limitations is one year from the date of delivery of the cargo.[34] Therefore, this suit is timely if the date of delivery was

---

[30] 46 U.S.C. § 30701 note.

[31] 46 U.S.C. § 30701 note § 1(e).

[32] *Steel Coils, Inc. v. M/V Lake Marion*, 331 F.3d 422, 438 n.73 (5th Cir. 2003); *Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co. Ltd.*, 215 F.3d 1217, 1220-21 (11th Cir. 2000); *Continental Ins. Co. v. Kawasaki Kisen Kasha, Ltd.*, 542 F. Supp. 2d 1031 (N.D. Cal. 2008).

[33] *Polo Ralph Lauren*, 215 F.3d at 1220-21.

[34] 46 U.S.C. § 30701 note § 3(6) ("In any event[,] the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been (continued...)

within one year before March 24, 2009, the date Plaintiff filed this action. Although the record in this case is unclear regarding the precise date of the cargo's delivery in Houston, the record establishes without contradiction that delivery was made outside the limitations period. Delivery likely occurred in September 2006,[35] but in any event certainly had occurred by September 17, 2007, when Plaintiff filed its first lawsuit that was assigned to Judge Lake and complained of the alleged damage. Because September 17, 2007, is outside the applicable limitations period, this action is time-barred under COGSA.

Plaintiff's primary rebuttal to Defendants' limitations argument is that summary judgment is premature because no discovery has been conducted. Because the facts necessary to resolve the limitations issue already appear in the record, no discovery is needed. Plaintiff's argument is rejected.

Plaintiff also urges that the statute of limitations was tolled by the filing of its first suit, citing to authority for equitable tolling.[36] However, as established by

---

34 (...continued) delivered").

35 *See supra* note 4.

36 *See* Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc. # 14], at 2 (citing *Stone Container Corp. v. U.S.*, 229 F.3d 1345 (Fed. Cir. 2000); *U.S. v. F/V Kristen Gail*, 2003 WL 22016921 (D. Ore. Feb. 26, 2003)); Plaintiff's Response to Sextant Motion [Doc. # 18], at 2 (citing same).

Plaintiff's own authority, "[e]quitable tolling focuses on excusable delay by the plaintiff."[37] The Fifth Circuit has held, in the COGSA context, that "[a] party may only invoke equitable estoppel if it detrimentally relied on the misrepresentations of the other party."[38] Plaintiff has made no showing of excusable delay or detrimental reliance in this case. To the contrary, Plaintiff failed to cure the defects in service identified by Judge Lake, and then failed to appear at a conference in Judge Lake's court, resulting in the dismissal of the first action. Just as discussed by the Fifth Circuit in *Lambert v. United States*:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she has done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.[39]

---

37 *F/V Kristen Gail*, 2003 WL 22016921, at *3 (citing *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000)). *See Stone Container*, 229 F.3d at 1352 (although "governmental misconduct may sometimes result in equitable tolling of the statute of limitations," plaintiff had not shown "any misconduct by the government which misled it as to the applicable limitations period"). *Stone Container* also discusses statutorily-mandated tolling for class actions brought against the government, *id*. at 1352-56, a scenario which is inapplicable to the case at bar.

38 *Sabah Shipyard Sdn. Bhd. v. M/V Harbel Tapper*, 178 F.3d 400, 406 (5th Cir. 1999).

39 *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)) (Federal Tort Claims Act case). *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 368 (5th Cir. 2003) ("The doctrines of equitable tolling and equitable estoppel remain available to those plaintiffs who, ***through no fault of***
(continued...)

The facts of this case do not warrant equitable tolling. Because equitable tolling is inapplicable, the claims Plaintiff asserts are time-barred.

### B. Service of Process

As explained above, Judge Lake held in the previous suit that the service on the Oldendorff Defendants was deficient because Plaintiff did not comply with the Hague Convention. In this action, Plaintiff has attempted to serve the Oldendorff Defendants by the same method held insufficient by Judge Lake.[40] However, given the holding above that this action is time-barred, this Court need not address the Oldendorff Defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Sextant Marine's Motion for Summary Judgment [Doc. # 15] is **GRANTED**. It is further

**ORDERED** that the Oldendorff Defendants' Motion to Dismiss for Insufficient Service of Process and Alternative Motion for Summary Judgment [Doc. # 6] is

---

39 (...continued)
***their own***, might otherwise be barred from bringing a claim by operation of a statute of limitations.") (42 U.S.C. § 1981 case) (emphasis added).

40 It appears, based on the representations of Plaintiff's counsel at a conference before this Court, that Plaintiff may have recently instituted the Hague Convention service procedure.

**GRANTED IN PART.** Summary judgment is granted for Defendants on the statute of limitations issue.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **10th** day of **November, 2009**.

Nancy F. Atlas
United States District Judge